

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-28-2006

# Silvana v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4450

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Silvana v. Atty Gen USA" (2006). *2006 Decisions*. Paper 154.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/154

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-4450

———————

OLIVIA SILVANA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———————

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A95-855-142)
Immigration Judge: Donald V. Ferlise

———————

Submitted pursuant to Third Circuit LAR 34.1(a)
November 8, 2006

———————

Before: SLOVITER, CHAGARES, and GREENBERG, <u>Circuit</u> <u>Judges</u>.

(Filed: November 28, 2006)

———————

OPINION OF THE COURT

———————

CHAGARES, Circuit Judge:

Olivia Silvana petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture. We write only for the parties, and thus do not state the facts separately. We will deny the petition because substantial evidence supports the IJ's decision.

I.

We have jurisdiction to review the BIA's final orders of removal. See 8 U.S.C. § 1252(a). Where, as here, the BIA affirms without opinion, "we review the IJ's opinion and scrutinize its reasoning." Smriko v. Ashcroft, 387 F.3d 279, 282 (3d Cir. 2004) (internal quotation omitted). The IJ's factual findings—including his determinations as to past persecution and a well-founded fear of future persecution—are reviewed for substantial evidence. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). "If a reasonable fact finder could make a particular finding on the administrative record, then the finding is supported by substantial evidence." Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc); 8 U.S.C. § 1252(b)(4)(B).

II.

To be eligible for asylum, Ms. Silvana must demonstrate that she is a "refugee." See 8 U.S.C. § 1158(b)(1)(A). Generally speaking, a refugee is "a person unable or unwilling to return to the country of that person's nationality or habitual residence because of past persecution or because of a well-founded fear of future persecution on

2

account of h[er] race, religion, nationality, membership in a particular social group, or political opinion." Gao v. Ashcroft, 299 F.3d 266, 271-72 (3d Cir. 2002); see 8 U.S.C. § 1101(a)(42).

Past persecution requires proof of "(1) one or more incidents rising to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed either by the government or by forces that the government is either unable or unwilling to control." Mulanga v. Ashcroft, 349 F.3d 123, 132 (3d Cir. 2003). A finding of past persecution raises a rebuttable presumption of a well-founded fear of future persecution. See 8 C.F.R. § 208.13(b)(1). The burden then shifts to the Attorney General to establish that "the applicant could reasonably avoid persecution by relocating to another part of his or her country or that conditions in the applicant's country have changed so as to make his or her fear no longer reasonable." Mulanga, 349 F.3d at 132 (internal quotation omitted).

In the course of our review, we must keep in mind that "persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." Fatin v. INS, 12 F.3d 1233, 1243 (3d Cir. 1993). It extends only to grave harms such as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Id. at 1240.

Ms. Silvana is a native and citizen of Indonesia. She is also a Christian of Chinese extraction, and she claims to have suffered persecution in Indonesia on account of her religion and ethnicity. At her hearing, Ms. Silvana credibly testified that she was the

3

victim of several crimes while living in Indonesia, but the IJ determined that none of them constituted persecution on account of a protected ground.

Ms. Silvana's testimony focused on four incidents. First, she described how a group of thugs attempted to kidnap her in 1998. When Ms. Silvana resisted, one of the would-be kidnappers stabbed her in the arm with a screwdriver. Although the IJ recognized the seriousness of this crime, he concluded that the attackers had not acted on account of Ms. Silvana's religion or ethnicity. Substantial evidence supports that determination. Ms. Silvana testified that the assailants wore the garb of "Muslim fanatics," but that fact alone does not compel a conclusion that they acted with an anti-Christian or anti-Chinese animus. See Dia, 353 F.3d at 249; Mulanga, 349 F.3d at 132. Without further indicia of an intent to persecute on account of a protected ground, it was not unreasonable for the IJ to conclude that this incident did not constitute past persecution. See Gormley v. Ashcroft, 364 F.3d 1172, 1177 (9th Cir. 2004) ("Random isolated acts perpetrated by anonymous thieves do not establish persecution.").

Second, Ms. Silvana stated that she had been sexually assaulted by her high-school gym teacher. Critically, however, she provided no evidence as to the gym teacher's motivation. See Administrative Record ("AR") 72 ("It might [have] been because of my Chinese ethnicity or because I'm [a] Christian, I don't know."). Based on this gap in Ms. Silvana's proof, the IJ reasonably concluded that the gym teacher did not act on account of her ethnicity or religion.

Third, Ms. Silvana recounted an incident that took place at her church during

4

Christmas Eve services in the year 2000. As the congregation prayed inside, "Muslim fanatics" outside the church "shout[ed] words. . . in their religious language" and threw rocks at the building. AR 67-68. This testimony is consistent with the State Department Country Report, which references a spate of attacks on Christian churches during the 2000 Christmas season. We agree with Ms. Silvana that this evidence raises an obvious inference of anti-Christian animus. Nonetheless, no one was harmed by the rock throwing, and Ms. Silvana testified that she left the church without incident. Accordingly, the record does not compel a finding that this incident was of sufficient severity to constitute persecution. See Fatin, 12 F.3d at 1243.

Fourth, Ms. Silvana stated that her "school tuitions were higher than those who were Muslim. . . fanatics." AR 73. She later clarified, however, that the school determined tuition based on the "economic condition of the family," and her family was relatively well off. Based on this testimony, the IJ reasonably concluded that her tuition was irrelevant to the issue of persecution.

In sum, none of the incidents described by Ms. Silvana compel a finding of past persecution on account of a protected ground.[1]

Ms. Silvana also argues that she has a well-founded fear of persecution in light of

---

[1]Ms. Silvana's brief also alleges that her family's business was destroyed on two occasions, and that government officials blackmailed the business. See Petitioner's Brief at 8. We will not consider those allegations, however, as there is no such evidence in the administrative record. See 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.").

the State Department Country Report and recent terrorist attacks in Bali and Jakarta. Under our deferential standard of review, this evidence does not compel a finding of a well-founded fear of persecution. We therefore hold that substantial evidence supports the IJ's denial of asylum.

## III.

In addition to her asylum claim, Ms. Silvana contends that she is entitled to withholding of removal. However, since she "is unable to satisfy the standard for asylum, [s]he necessarily fails to meet the standard for withholding of removal." Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003). In light of our disposition of Ms. Silvana's asylum claim, we must hold that substantial evidence supports the IJ's denial of withholding of removal.

## IV.

Finally, Ms. Silvana challenges the IJ's denial of her claim under the Convention Against Torture. Because she failed to raise this claim on appeal to the BIA, we lack jurisdiction to review it. See 8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).

## V.

For these reasons, we will deny the petition for review.